**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

**BURRELL FARMS AND GARDENS, LLC,**

Appellant,

v. Case No. 2:25-cv-02639-BCL-tmp

**ALABAMA GROWERS, LLC,
WJR EQUIPMENT, LLC,**

Appellee.

---

**ORDER DENYING MOTION FOR INJUNCTION**

---

The Court is in receipt of Appellants' Emergency Motion for Injunction Pending Appeal, by which Appellants invoke the so-called "stay factors" in the hope of precluding the release of funds currently in the registry of the Bankruptcy Court for the Western District of Tennessee. Doc. 37.

The Appellants, as movants, bear the burden of showing that they are entitled to a stay. *Service Employees Intern. Union Local 1 v. Husted*, 698 F.3d 341, 343 (6th Cir. 2012). Courts consider the following factors when deciding whether to stay a judgment pending appeal:

> (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay.

*Mich. Coalition Against RadioActive Material Users, Inc. v. Gripentrog*, 945 F.2d 150, 153 (6th Cir. 1991); *see also In re Williams*, 649 B.R. 844, 846-47 (E.D. Mich. 2023) (making express that

the same factors apply in bankruptcy proceedings).[1] The Sixth Circuit treats these not as prerequisites to be met, but rather as factors to be considered and balanced together. *Gripentrog*, 945 F.2d at 153-54. In particular, a stronger showing of irreparable harm can compensate for a weaker showing of likelihood of success, and vice versa. *Id.* Still, a movant is "always required to demonstrate more than the mere possibility of success on the merits"—at minimum the movant "must show … serious questions going to the merits." *Id.*

The Order is **DENIED** for two independently sufficient reasons. First, Appellants have not shown serious questions going to the merits, much less a likelihood of success on the merits. Indeed, for the reasons explained in the Order affirming the Bankruptcy Court (Doc. 34), Appellants' various arguments fail—and for multiple reasons. Appellants add nothing in their Motion for Injunction Pending Appeal, opting instead to simply list various arguments in cursory fashion. Second, Appellants have not shown irreparable harm, instead merely speculating or implying that Alabama Growers, LLC might not be solvent. Doc. 37 at 4.

**IT IS SO ORDERED**, this 15th day of September, 2026.

s/ *Brian C. Lea*
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE

[1] The Court analyzes this motion under the multifactor standard mentioned in the test because that is the form in which Appellants have presented their argument. The Court notes that the multifactor standard is most commonly associated with stays of injunctive and similar relief. Where, as here, a party seeks to stay what amounts to a money judgment—a judgment calling for the payment of funds, albeit funds currently held by the Bankruptcy Court—the party may be entitled to a stay as of right under Federal Rule of Civil Procedure 62(b). See Fed. R. Bankruptcy Procedure 7062 ("Federal Rule of Civil Procedure 62 applies in an adversary proceeding—except that a proceeding to enforce a judgment is stayed for 14 days after its entry."). Because Appellants have not framed their arguments in this way, the Court does not further pursue this issue and addresses the Motion on the terms in which Appellants have framed it.