**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

**BURRELL FARMS AND GARDENS, LLC,**

Appellant,

v. Case No. 2:25-cv-02639-BCL-tmp

**ALABAMA GROWERS, LLC,**
**WJR EQUIPMENT, LLC,**

Appellee.

---

**ORDER DENYING MOTION FOR REHEARING**

---

The Court has before it Appellants' Motion for Rehearing Pursuant to Rule 8022 of the Federal Rules of Bankruptcy Procedure. Doc. 38. By that Motion, Appellants ask the Court to vacate its September 12 Order affirming the decision of the Bankruptcy Court. For the following reasons, the Motion is **DENIED**.

**1.** Appellants ask the Court to revisit its conclusion that it lacked jurisdiction over Mr. Burrell's appeal from the denial of his motion for a preliminary injunction in the Adversary Proceeding due to Mr. Burrell's voluntary dismissal of the Adversary Proceeding. According to Appellants, "[t]he Bankruptcy Court … framed the dismissal as one taken while, and expressly subject to, the appeal remaining pending for decision," such that the dismissal was "conditional." Doc. 38 at 2.

Not so. The dismissal, while "without prejudice," was unconditional. Doc. 32 in Bankruptcy Case 24-44. And the language Appellants tout does not suggest otherwise. The allowance for "an objection within 14 days notice from the date of this Order" simply delayed the

effect of the dismissal to allow a window for any interested party to object—and as Appellants note, no one did, meaning the dismissal took effect. And while the dismissal was "without prejudice" at Mr. Burrell's request—a request Mr. Burrell apparently made in the hope that he would be able to reinstate his Adversary Proceeding if he succeeded in appealing the preliminary injunction ruling—that does nothing to change the fact that the underlying proceeding was dismissed during the pendency of an appeal from the denial of an interim remedy. With every incentive to do so, Appellants apparently have found no authority allowing appellate jurisdiction over a preliminary injunction when the underlying proceeding has been voluntarily dismissed, with or without prejudice. They have provided no basis to revisit the Court's jurisdictional ruling which was, in any event, one of several independent reasons Appellants' appeal from the adversary proceeding failed.

**2.** Appellants also argue that the Court erred in striking a portion of their Motion for expedited review "under a rule that reaches only pleadings." Doc. 38. This argument lacks merit. The Court did not rely on Rule 12(f) in striking the relevant pages of the Motion. Instead, the Court did two things. First, the Court declined to "consider the merits arguments embedded within the Motion to Expedite" because it rendered a decision within the time frame belatedly requested by Appellants. Appellants have no reason for complaining that the Court did not consider their arguments in support of expedition when they, as a practical matter, received the expedition they sought.

Unless, that is, Appellants really wanted the Court to consider their new or elaborated arguments in deciding the merits of their appeal. And that raises the second thing the Court did: It struck the parts of the Motion to Expedite that sought to "add to or elaborate on the arguments" made in Appellants' merits briefs, because to that extent the Motion was "an improper attempt at

an additional merits or reply brief." Doc. 34 at 3. The Court, in other words, did not rely on Federal Rule of Civil Procedure 12(f) but instead exercised its authority to protect the integrity of the appellate process and prevent the abuse of motions practice to obtain extra briefing or shore up perceived deficiencies in the appeal. If Appellants are more comfortable with the framing that the Court disregarded new or belated merits arguments made in the post-merits briefing Motion to Expedite, the result is the same. And nothing in Appellants' Motion for Reconsideration calls that result into question.[1]

**3.** Finally, Appellants argue that the Court should be "advised that affirmance triggers the immediate and irreversible disbursement of funds in the registry of the Bankruptcy Court." Doc. 38 at 6. To the extent this fact has relevance, it would be in support of a motion to stay the Court's decision pending further review, or some similar motion seeking to prevent the Court's decision from taking effect. And, indeed, Appellants have filed that sort of motion, which the Court will address by separate order. Doc. 37. But this argument does not warrant rehearing, both because it does not address the merits of the Court's decision and because it rests on a new argument—for delay in the Court's decision—which was not presented in Appellants' merits briefing nor in motions practice preceding the Court's order affirming the Bankruptcy Court's orders. *See CIR Group/Commercial Services, Inc. v. Constellation Energy Commodities Grp., Inc.*, 2013 WL

[1] In two sentences, Appellants also argue that there "remains pending" an "emergency motion for relief pending appeal" embedded at the end of their Reply in Support of Appellants' Motion to Expedite. Doc. 38 at 5. For at least two reasons, that purported "Motion" does not "remain pending." First, the purported motion was never properly filed at all, because Appellants improperly embedded it in a reply brief instead of filing a motion. *See* LR 7.2(a); *see also Henco Energy v. Power Rental Solutions*, 2023 WL 8604204, at *1 n.3 (M.D. Tenn. 2023), Second, the embedded purported motion fails because it sought an "order protecting the crop pending appeal" in this Court, and this Court has now affirmed the Bankruptcy Court. Doc. 33 at 7 (noting that the purported motion may be "filed in the court where the appeal is pending."). To remove any doubt, the Court notes that the purported Motion is effectively DENIED.

85208, at *4 (E.D. Ky. 2013) ("This new argument cannot be considered on a motion for rehearing.").

* * *

For the foregoing reasons, Appellants' Motion for Rehearing is **DENIED**.

**IT IS SO ORDERED**, this 15th day of September, 2026.

s/ *Brian C. Lea*
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE